IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**NATHANIEL BRANSTON COCHRAN, SR.**                                                       **PLAINTIFF**

**VS.**                                                           **CIVIL ACTION NO. 1:10cv435-JMR**

**ROBERT O'NEIL, et al.**                                                                     **DEFENDANTS**

_____

**MEMORANDUM OPINION:**

This matter comes before the Court, *sua sponte*, due to the failure of Plaintiff, Nathaniel Cochran, to advise the Court of a change of his address. The Plaintiff was advised of his duty to inform the Court of any change of address by Order [3] issued on September 14, 2010, by Order [5] issued on September 28, 2010, and by Order [10] issued on October 15, 2010. The Court notes that on March 18, 2011, the envelope containing the Court's Scheduling Order [29] was returned as undeliverable. (*See* Returned [32-1] Mail.)

In an effort to ascertain Plaintiff's whereabouts, the Court utilized the Mississippi Department of Corrections website in order to determine whether Plaintiff had been transferred into the custody of the MDOC. The Inmate Search did not reveal anyone with Plaintiff's name currently incarcerated within the MDOC. The Court then contacted the Marion/Walthall County Correctional Facility - Plaintiff's last known address - and was informed that Plaintiff had been extradited on or about March 1, 2011. However, the facility did not know where Plaintiff was taken or who accepted custody of Plaintiff. The facility did not have a forwarding address listed for Plaintiff. On April 6, 2011, this Court entered an Order to Show Cause to Plaintiff instructing him to inform the Court why the present action should not be dismissed for failure to prosecute. (*See* Order [33].) The Order was mailed to Plaintiff at his last known address - the Marion/Walthall County Correctional Facility in

Columbia, MS - by certified mail, return receipt requested. *Id.* The Court notes, however, that on April 18, 2011, the envelope containing this Court's Order [33] to Show Cause was returned as undeliverable. (*See* Returned [35-1] Mail.)

At the present, Plaintiff has not made any contact with the Court since being brought to court for an Omnibus Hearing on February 16, 2011. The Court notes that sometime on or about March 1, 2011, Plaintiff was transferred into the custody of another law enforcement agency, however, a forwarding address is unknown. All correspondence from this Court to Plaintiff since March 9, 2011, has been returned as undeliverable. (*See* Returned [32-1, 34-1, 35-1] Mail.)

Incarcerated Plaintiffs have a duty to inform the court upon a change of address. *See Danner v. Tolbert*, No. 3-01-CV-0579-X, 2001 WL 492391 *1 (N.D. Tex. 2001); *Shannon v. St. of La.*, Civil Action No. 87-3951, 1988 WL 54768 *1 (E. D. La. 1988); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(affirming the district court's dismissal after passing of sixty days from time of return mail without further notice to the prisoner). Failure to advise the court of a change in the Plaintiff's address may result in dismissal. *See Danner*, No. 3-01-CV-0579-X, 2001 WL 492391 at *1; *Shannon*, Civil Action No. 87-3951, 1988 WL 54768 at *1; *Carey*, 856 F.2d at 1440-41. In the words of the Fifth Circuit:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. March 19, 1985).

Additionally, Federal Rule of Civil Procedure 41(b), titled "Involuntary Dismissal: Effect

Thereof," provides as follows: "For failure of the Plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." FED. R. CIV. P. 41(b). Even though the Rule speaks in terms of dismissal on motion of a defendant, it is well settled that the court has the inherent authority to dismiss *sua sponte* for want of prosecution. "The authority of a federal trial court to dismiss a Plaintiff's action with prejudice because of failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of District Courts." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962). *See also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)(per curiam)(addressing Rule 41(b) dismissal of prisoner's lawsuit);*Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)(discussing the district court's Rule 41(b) discretion).

Plaintiff's failure to comply with this Court's orders has caused considerable delay. The discovery and motions deadlines have passed and trial in this matter is set for August 22, 2011. However, the record is clear that discovery has not been able to be conducted as Plaintiff's whereabouts are unknown. To date, Plaintiff has failed to update his address or respond to the April 6, 2011 Order [33] to Show Cause. Plaintiff has not taken any action in prosecuting the instant case, with the exception of appearing for an Omnibus Hearing, in over eight (8) months. Based on the foregoing, this Court is of the opinion that Plaintiff has failed to advise this Court of his change of address and that this failure is indicative of a lack of interest in pursuing this cause and delays the expeditious resolution of other cases. Furthermore, this Court is of the opinion that Plaintiff has failed to show cause why this case should not be dismissed, as ordered by this Court on April 6, 2011. Therefore, this Court finds that this case be dismissed without prejudice for Plaintiff's failure to prosecute.

SO ORDERED this the __22nd__ day of June, 2011.

                                         _____s/ John M. Roper, Sr._____
                                        CHIEF UNITED STATES MAGISTRATE JUDGE